1    Anthony J. Orshansky, SBN 199364
     anthony@counselonegroup.com
2    Alexandria R. Kachadoorian, SBN 240601
     alexandria@counselonegroup.com
3    Justin Kachadoorian, SBN 260356
     justin@counselonegroup.com
4    COUNSELONE, P.C.
     9301 Wilshire Boulevard, Suite 650
5    Beverly Hills, California 90210
     Telephone: (310) 277-9945
6    Facsimile: (424) 277-3727

7    JOHN HUEBNER and IRMIN LANGTON,
     on behalf of themselves and others similarly situated,

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   JOHN HUEBNER and IRMIN LANGTON, on          CASE NO. 3:14-CV-04735-VC
     behalf of themselves and others similarly situated,
13                                                **CASE MANAGEMENT
                                                  STATEMENT AND PROPOSED
14                            Plaintiffs,         ORDER**

15            v.                                  CMC:  March 31, 2015
                                                  Time:  10:00 a.m.
16   RADARIS, LLC, a Massachusetts limited liability   Judge:  Hon. Vince Chhabria
     company; RADARIS AMERICA, INC., a         Courtroom: 4, 17th Floor
17   Delaware corporation; and EDGAR LOPIN, an
     individual,                                  Complaint filed:  October 24, 2014
18                                                Trial Date:  None Set
                              Defendants.
19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT
CASE NO. 14-CV-04735-VC

1    Plaintiffs John Huebner and Irmin Langton ("Plaintiffs"), through their counsel herein,

2    submit this Case Management Statement pursuant to this Court's Order Setting Initial Case

3    Management Conference [Dkt. No. 10], Local Rule 16-9, and Rule 26(f) of the Federal Rules of

4    Civil Procedure.[1]

5    **1)    JURISDICTION AND SERVICE**

6    This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 arising from

7    Plaintiffs' claims for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA")

8    (*See* Compl. ¶¶ 13-15.)  The Court has supplemental jurisdiction over the transactionally related

9    state-law claims under 28 USC § 1367(a).  This Court also has jurisdiction under the Class Action

10   Fairness Act ("CAFA"), 18 U.S.C. § 1332(d), because this is a putative class action whereby: (i)

11   the proposed nationwide class consists of more than 100 members; (ii) at least some class

12   members have a different citizenship from the defendants; and (iii) the claims of the proposed

13   class exceed $5,000,000.00 in the aggregate.

14   Plaintiffs' Complaint names three defendants:   Radaris America, Inc. ("Radaris

15   America"), Radaris, LLC ("Radaris"), and Edgar Lopin ("Lopin") (together, "Defendants") - two

16   related companies and their principal.  Plaintiffs made numerous attempts to serve Defendants

17   with process.  One defendant (Radaris America) was served with process on November 7, 2014.

18   It has not responded to the Complaint or otherwise appeared in the action, and has been in default

19   since December 1, 2014.

20   Plaintiffs continued attempting service on the other two defendants.   Process servers

21   reported that, as of January 16, 2015, they had been unable to effect service of process on either

22   Radaris or Lopin the address identified in the Summons.  The process server reported that Radaris

23   and Lopin are no longer at the address where service was attempted, and the tenants are unaware

24   of their whereabouts.  The process server believed, that based on its research, Radaris may no

25

26   ─────────────────────

27   [1] Although Defendants have not yet appeared in this action, Plaintiffs' counsel have discussed some of the
     issues addressed herein with attorneys recently retained by Defendants.

28

1   longer be an active company.   The process server also performed a skip trace on Lopin in

2   Massachusetts and did not locate him.

3         On or about January 28, 2015, Plaintiffs began working with a new process server to

4   locate and serve Radaris and Lopin.  The new process server's research showed that Radaris,

5   LLC's registration with the Massachusetts Secretary of State was cancelled as of December 12,

6   2013, that Radaris has been the subject of many consumer complaints, and that Radaris and its

7   corporate officers use numerous aliases.

8         On March 23, 2015, Plaintiffs' counsel received confirmation that Radaris LLC, and

9   Lopin, along with Radaris America, have retained counsel (Matthew Shayefar, Boston Law

10  Group, PC), who Plaintiffs understand will accept service of the Complaint on behalf of the

11  unserved parties.  If for some reason Plaintiffs remain unable to effect service in this manner, they

12  will apply ex parte for an order for service by publication pursuant to FRCP 4(e)(1) and Cal. Civ.

13  Pro. § 415.50.

14      **2)    FACTS**

15        This is a putative class action brought on behalf of consumers nationwide for violations of

16  the FCRA and similar state laws.  Defendants operate a website that allows users to search for

17  consumers based on a number of categories, including name, email address, and phone number.

18  In response to a query Defendants provide private, sensitive, and often erroneous information

19  about virtually anyone in the United States.  Defendants' customers can obtain information on

20  virtually anyone's age, address, relatives, and a host of other information.   Much of this

21  information is used for employment, credit, and tenant screening purposes, but Defendants do not

22  comply with the statutory requirements for providing consumer reports.  Among other things,

23  Defendants fail to implement reasonable procedures to ensure that recipients of consumer reports

24  have a "permissible purpose" under the statute, fail to provide required notices to furnishers and

25  users of information, fail to follow reasonable procedures to assure the maximum possible

26  accuracy of information, fail to disclose information contained in consumers' file upon request,

27  fail to conduct a reasonable reinvestigation regarding the accuracy of information in consumers'

28

reports, and fail to provide a toll-free number through which class members can request disclosures of information in their files.  Defendants also fail to satisfy the requirements of California state statutes governing the gathering and reporting of consumer information, despite selling reports regarding California class members.  Furthermore, Defendants use the images and likenesses of Plaintiffs and the class on their website without the consent of Plaintiff and the class.

### 3) **LEGAL ISSUES**

Plaintiffs allege the following eleven causes of action: (i) violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e; (ii) violation of the FCRA, 15 U.S.C. § 1681b; (iii) violation of the FCRA, 15 U.S.C. § 1681j; (iv) violation of the FCRA, 15 U.S.C. § 1681g & h; (v) violation of the FCRA, 15 U.S.C. § 1681i; (vi) violation of California's Investigative Consumer Reporting Agencies Act, California Civil Code § 1786, *et seq.* ; (vii) violation of California's Consumer Credit Reporting Agencies Act, California Civil Code § 1785, *et seq.*; (viii) misappropriation of likeness in violation of California Civil Code § 3344; (ix) common-law misappropriation of likeness; (x) false light invasion of privacy; and (xi) violation of California Business & Professions Code § 17200, *et seq.* (the "UCL").

### 4) **MOTIONS**

Plaintiffs intend to file a motion for class certification after having an appropriate time to conduct discovery.  Plaintiffs may also file a motion for summary judgment after the completion of sufficient discovery.

### 5) **AMENDMENT OF PLEADINGS**

Plaintiffs may amend the Complaint to add additional parties and/or claims.

### 6) **EVIDENCE PRESERVATION**

Plaintiffs are aware of their duties regarding the preservation of discoverable information and agree to take reasonable measures to comply with those duties as required by the Federal Rules of Civil Procedure and Local Rules.  Plaintiffs have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

1   The parties will meet and confer regarding the scope and nature of electronic discovery in

2   this case as required by and consistent with applicable law and the local rules.  If the parties are

3   unable to reach an understanding on evidence preservation or electronic discovery, the disputed

4   matter will be submitted to the Court for a formal order.

5   **7)   DISCLOSURES**

6   The parties have not yet exchanged initial disclosures because Defendants have not yet

7   appeared in this action and have only recently retained counsel.  Given that the Rule 26(f)

8   conference and exchange of initial disclosures should already have occurred, Plaintiffs believe

9   that initial disclosures should be made as soon as practicable, but in no case later than fourteen

10  days following the Case Management Conference.

11  **8)   DISCOVERY**

12  Neither party has served discovery.  At present, no changes to the limitations on discovery

13  imposed by the Federal Rules of Civil Procedure or Local Rules need to be made.

14  Plaintiffs intend to seek full discovery as soon as practicable after the Case Management

15  Conference on March 31, 2015, directed to, among other things, Defendants' collection, analysis,

16  and processing of consumer data, their handling of requests for reports on consumers whose

17  information is contained in their files, and their efforts, if any, to comply with governing statutes

18  and common law.   Plaintiffs believe that they may need to exceed the deposition and

19  interrogatory limitations provided under the Federal Rules and will meet and confer as necessary

20  to address these issues as they arise before bringing such issues before the Court.  Plaintiffs do

21  not believe bifurcation of discovery into "class" and "merits" phases is necessary, practical, or

22  appropriate here.  Because there will be significant overlap among the issues relevant to class

23  certification and class liability, Plaintiffs believe that any attempt to bifurcate discovery will

24  result in greater inefficiency and may generate endless disputes about line-drawing.

25  In addition, as courts have recognized, there is no requirement that "class" discovery be

26  bifurcated from merits or individual discovery.  *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39,

27  41 (N.D. Cal. 1990) ("An order restricting discovery to class issues would be impracticable

28

1    because of the closely linked issues, and inefficient because it would be certain to require ongoing

2    supervision of discovery"); *Harriss v. Pan Am. World Airways, Inc.*, 74 F.R.D. 24, 36 (N.D. Cal.

3    1977) (finding that facts relevant to the class action determination and definition may largely

4    overlap with those relevant to the merits); *Barnhart v. Safeway Stores, Inc.*, No. S92-0803 WBS,

5    1992 WL 443561, at *9 (E.D. Cal. Dec. 14, 1992) (declining to limit discovery to "class" related

6    matters noting that the court should have all information that it might find relevant).

7         Indeed, as the Manual for Complex Litigation – Fourth makes clear, "Courts have

8    recognized that information about the nature of the claims on the merits and the proof that they

9    require is important to deciding certification.  Arbitrary insistence on the merits/class discovery

10    distinction sometimes thwarts the informed judicial assessment that current class certification

11    practice emphasizes."  *See* Federal Judicial Center, Manual for Complex Litigation – Fourth, §

12    21.14 (2004).

13         Consequently, Plaintiffs propose an initial period of discovery focused on what the parties

14    believe they need to present for the Motion for Class Certification to this Court.  In the initial

15    period of class focused discovery neither party would be prevented from taking merits discovery

16    because merits and class discovery often overlap.  However, it does permit the parties to narrow

17    the amount of discovery they need to take prior to class certification knowing they can complete

18    any merits discovery not taken after the Court rules on class certification.  Once the Court rules

19    on class certification, the parties can review the Court's decision and determine in light of that

20    decision what additional merits discovery is needed and what merits discovery is not needed and

21    propose an appropriate remaining pre-trial schedule to the Court.  The parties would then be

22    permitted to complete merits discovery to the extent it does not duplicate or repeat discovery

23    already taken by that party.  Plaintiffs' proposed process promotes efficiency and avoids needless

24    costs by permitting the parties to avoid discovery that the Court's class certification decision may

25    show is not needed.  It is true that to some degree this structure relies on the professionalism,

26    experience and cooperation of all counsel to be most effective.  Plaintiffs believe the counsel in

27    this case will make this structure successful.

28

CASE MANAGEMENT STATEMENT
Case No. 3:14-cv-04735-VC

5

**9)   CLASS ACTIONS**

Pursuant to Civil L.R. 16-9(b), any party seeking to maintain a case as a class action must include in the case management statement the following additional information:

**1.   The Specific Paragraphs of Fed. R. Civ. P. 23 under which the Action is Maintainable as a Class Action**

This action is maintainable as a class action under Rule 23, paragraphs (a), (b)(2) and (b)(3).

**2.   A Description of the Class or Classes in Whose Behalf the Action Is Brought**

Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of:

> All persons in the United States who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Radaris from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action.

Plaintiffs also bring this action on behalf of the following two California subclasses (together referred to as the "California Subclasses"):

> (a) All California residents who have had information relating to their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living compiled and displayed by Defendants from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("California Consumer Reporting Subclass").

> (b) All California residents whose names, photographs, or likenesses, or the names, photographs, or likenesses of their deceased personalities, Radaris has used on or in products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods, or services, without prior consent from the person or persons, from the longest period of time under the applicable statute of limitations and continuing to the date of trial of this action ("California Misappropriation Subclass").

**3.   Facts Showing That Plaintiffs Are Entitled to Maintain the Action under Fed. R. Civ. P. 23(a) and (b)**

The members of the Class are so numerous that joinder of all members is impractical, if not impossible.  Plaintiffs are informed and believe that the total number of Class Members is likely to be at least thousands of individuals.  Plaintiffs' claims are typical of those of the class because Defendants maintain files regarding Plaintiffs, as they do for each member of the class,

1    and publish such files online and make the files available to purchasers of Plaintiffs' information,

2    as they do for each member of the class.

3         Plaintiffs are adequate representatives of the class because Plaintiffs' claims are typical of

4    those of the class, and Plaintiffs have the same interests in the litigation of this case as the other

5    class members.  Plaintiffs are committed to vigorous prosecution of this case, and have retained

6    competent counsel, experienced in litigating large, complex class actions.   Plaintiffs are not

7    subject to any individual defenses unique from those conceivably applicable to the class as a

8    whole.  Plaintiffs anticipate no management difficulties in this litigation.

9         A class may be certified and maintained under Federal Rule of Civil Procedure 23(b)(2)

10   because Defendants have acted on grounds generally applicable to the entire Class by compiling,

11   maintaining, and selling files containing consumer and personal information regarding class

12   members in violation of federal credit reporting law and state common and statutory law, thereby

13   making appropriate final injunctive or corresponding declaratory relief with respect to the class as

14   a whole.

15        In addition, a class may be also be certified under Federal Rule of Civil Procedure

16   23(b)(3).  Each member of the class has been damaged and is entitled to recovery as a result of

17   Defendants' common, uniform, and unfair practices of compiling, maintaining, and selling files

18   containing consumer and personal information regarding Plaintiff and the class.   There are

19   questions of law and fact common to the class that predominate over any questions affecting only

20   individual members of the class, including without limitation, all of the following:

21        a.    Whether Defendants' conduct is an "unfair practice," an "unlawful practice," and/or
22              a "fraudulent practice" within the meaning of the Unfair Competition Law ("UCL"),
              Business & Professions Code § 17200, *et seq*.;

23        b.    Whether Defendants' conduct violates the FCRA, 15 U.S.C. § 1681b;

24        c.    Whether Defendants' conduct violates the FCRA, 15 U.S.C. § 1681e;

25        d.    Whether Defendants' conduct violates the FCRA, 15 U.S.C. § 1681j;

26
27        e.    Whether Defendants' conduct violates the FCRA, 15 U.S.C. § 1681i;

28        f.    Whether Defendants' conduct violates the FCRA, 15 U.S.C. § 1681g & h;

g.      Whether Defendants' conduct constitutes a misappropriation of class members' images;

h.      Whether Defendants' conduct constitutes false light invasion of class members' privacy;

i.      Whether Defendants' conduct violates California's Consumer Credit Reporting Agencies Act, California Civil Code § 1785, *et seq*.;

j.      Whether Defendants' conduct violates California's Investigative Consumer Reporting Agencies Act, California Civil Code § 1786, *et seq*.; and

k.      Whether Plaintiffs and the members of the class sustained monetary loss, and are entitled to injunctive relief.

**4.      A Proposed Date for the Court to Consider Whether the Case Can Be Maintained as a Class Action**

Plaintiffs propose the following schedule for class certification briefing, which takes into account the fact that Defendants have not yet appeared in the action or responded to the Complaint:

Plaintiffs' Motion for Class Certification:      January 31, 2016

Defendant's Opposition:      February 26, 2016

Plaintiffs' Reply:      March 25, 2016

Plaintiffs believe that discovery of experts, to the extent necessary, can readily be completed within this proposed briefing schedule, particularly given that "dueling" between experts "is not relevant to the certification determination." *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 292 (2d Cir. 1999) (internal quotations and citations omitted). Plaintiffs propose that the parties agree beforehand to make experts available in designated periods and otherwise to work cooperatively to facilitate any discovery on an expedited basis.

Plaintiffs respectfully suggests that the Court schedule a case management conference following its ruling on Plaintiffs' motion for class certification to schedule all additional class, merits, and other remaining pre-trial proceedings.

///

///

**10)      RELATED CASES**

Plaintiffs are not aware of related cases pending in federal court.

**11)      RELIEF**

Based on Defendants' conduct alleged in the Complaint, Plaintiffs seek the following relief:

(1)      An order certifying that the action is properly brought and may be maintained as a class action, that Plaintiffs be appointed the class representatives, and that Plaintiffs' counsel be appointed counsel for the class;

(2)      Compensatory damages for causes of action for which they are available, including, but not limited to, 15 U.S.C. § 1681o;

(4)      Statutory damages allowable under 15 U.S.C. § 1681n;

(5)      Punitive damages for causes of action for which they are available, including but not limited to, for willful violations of the FCRA, pursuant to 15 U.S.C. 1681n;

(6)      A declaration and order requiring Defendants to comply with all applicable provisions of the FCRA and enjoining Defendants from compiling, maintaining, and selling files containing class members' personal and consumer information and photographs;

(7)      For an order declaring that Defendants' actions, as alleged in the Complaint, violate the FCRA, ICRAA, CCRAA, Cal. Civ. Code § 3344, and Cal. Bus. & Prof. Code § 17200 *et seq.*;

(8)      An order awarding reasonable attorneys' fees and the costs of suit herein;

(9)      An award of pre- and post-judgment interest;

(10)     An order requiring an accounting for, and imposition of, a constructive trust upon all monies received by Defendants' as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein; and

(11)     Such other and further relief as may be deemed necessary or appropriate.

**12)     SETTLEMENT AND ADR**

Plaintiffs have proposed private mediation, and the parties have discussed it.  Defendants have indicated that they are agreeable to private mediation.

**13)     CONSENT TO MAGISTRATE JUDGE**

The parties do not consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14)     OTHER REFERENCES**

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15)     NARROWING OF ISSUES**

The parties are not currently aware of any issues that can be narrowed by agreement.  If any or all of Plaintiffs' claims survive the pleadings stage, however, the parties are willing to meet and confer regarding narrowing the products or claims remaining at issue.

**16)     EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17)     SCHEDULING**

*See* Section 9.4.

**18)     TRIAL**

Plaintiffs have requested a jury trial with respect to claims that may be so adjudicated. Plaintiffs respectfully submit that it is premature to set trial dates or estimate the length of trial.

**19)     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs are unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities known by them to have either:  (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

///

CASE MANAGEMENT STATEMENT
Case No. 3:14-cv-04735-VC

1

**20)   OTHER MATTERS**

2

None at this time.

3

4

5

Dated:  March 24, 2015                    COUNSELONE, P.C.

6

7

                                          By:  */s/*
8                                                Anthony J. Orshansky
                                                 Alexandria Kachadoorian
9                                                Justin Kachadoorian
                                                 ***Attorneys for Plaintiffs***
10                                               ***John Huebner and Irmin Langton and***
                                                 ***the Putative Class***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CASE MANAGEMENT ORDER**

2      The foregoing CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3 approved as the Case Management Order for this case and all parties shall comply with its

4 provisions. In addition, the Court makes the further orders stated below:

5      1. The schedule proposed by Plaintiff is adopted [, with the following modifications:]

6      2. In addition, the Court makes the further orders stated below:

7 IT IS SO ORDERED

8 Dated: _____          By: _____
                                           VINCE CHHABRIA
9                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2
**PROOF OF SERVICE BY UNITED STATES MAIL**

3
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4
     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to this action.  My business address is 9301 Wilshire Blvd., Suite 650, Beverly Hills, CA 90210.

5

6
     On March 24, 2015, I served the following document(s) described as:  **CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** on the persons below as follows:

7

8
Radaris America, Inc.
108 West 13th Street
Wilmington, DE 19801

Radaris, LLC
1853 Commonwealth Ave.
Brighton, MA 02135

9

10
Radaris America, Inc.
34 Washington St., Suite 201
Wellesley Hills, MA 02481

Radaris, LLC
34 Washington Street, Suite 201
Wellesley Hills, MA 02481

11

12
Edgar Lopin
1853 Commonwealth Ave.
Brighton, MA 02135

*Courtesy Copy to:*
Matthew Shayefar, Esq.
Boston Law Group, PC
825 Beacon St., Suite 20
Newton Centre, MA 02459

13

14

15

16
     I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

17

18
☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

19
☒    placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

20

21

22
     I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Beverly Hills, California.

23
☐   (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25
☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

26

27

28

CASE MANAGEMENT STATEMENT
Case No. 3:14-cv-04735-VC

1    Executed on March 24, 2015, at Beverly Hills, California.

2

3    Justin Kachadoorian                                    /s/
     Type Name                                              Signature

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT
Case No. 3:14-cv-04735-VC