1  ANTHONY J. ORSHANSKY, Cal. Bar No.199364
   anthony@counselonegroup.com
2  ALEXANDRIA KACHADOORIAN, Cal. Bar No. 240601
   alexandria@counselonegroup.com
3  JUSTIN KACHADOORIAN, Cal. Bar No. 260356
   justin@counselonegroup.com
4  COUNSELONE, P.C.
   9301 Wilshire Boulevard, Suite 650
5  Beverly Hills, California 90210
   Telephone: (310) 277-9945
6  Facsimile: (424) 277-3727

7  Attorneys for Plaintiffs JOHN HUEBNER and IRMIN
   LANGTON, on behalf of themselves and others similarly
8  situated

9
                    UNITED STATES DISTRICT COURT
10
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12

| 13 | JOHN HUEBNER and IRMIN LANGTON, on behalf of themselves and others similarly situated, | Case No. 3:14-cv-04735-VC |
|---|---|---|
| 14 | | [Assigned to the Honorable Vince Chhabria] |
| 15 | Plaintiffs, | **CLASS ACTION** |
| 16 | v. | **ADMINISTRATIVE MOTION FOR AN ORDER AUTHORIZING SERVICE OF SUMMONS AND COMPLAINT BY ALTERNATIVE MEANS** |
| 17 | RADARIS, LLC, a Massachusetts limited liability company; RADARIS AMERICA, INC., a Delaware corporation; and EDGAR LOPIN, an individual, | |
| 18 | | |
| 19 | | |
| 20 | Defendants. | |
| 21 | | |

22

23     Plaintiffs John Huebner and Irmin Langton ("Plaintiffs") make this administrative motion

24 under L.R. 7-11 [*see* Dkt. No. 16] for an order authorizing service of the summons and complaint

25 on Defendants Radaris, LLC and Edgar Lopin by service on their attorneys or, in the alternative,

26 service of the summons by publication in *The Boston Globe*, which is a newspaper of general

27 circulation that is most likely to give notice to Defendants because it circulates in the area of

28 Defendants' last known address, *i.e.*, Boston, Massachusetts.

1  This Motion is made on the grounds that attorneys representing Defendants are in
2  communication with Defendants, or at the very least know how to contact them, and have already
3  acted in furtherance of such representation.

4  This Motion is also made under Fed. R. Civ. P., Rule 4(e)(1) and (h)(1)(A), and Cal. Code
5  of Civ. Pro. § 415.50(a), on the grounds that Plaintiffs have stated a cause of action against the un-
6  served Defendants, as shown by the Complaint on file, who cannot with reasonable diligence be
7  found and served in any other manner specified in California Code of Civil Procedure.

8  Plaintiffs also respectfully request leave from the Court to file the following memorandum
9  of points and authorities, which exceeds the page-limit requirements under L.R. 7-11(a), because
10 the exposition of the matters discussed therein may assist the Court in the fair and just determination
11 of the instant Motion.

12 This Motion is based upon the attached memorandum of points and authorities, the
13 declaration filed concurrently with this application, the attached exhibits, all other papers filed with
14 the Court, and such other matters as the Court may deem proper.

15 DATED: June 1, 2015                                                    COUNSELONE, PC

                                    By  */s/ Anthony J. Orshansky*
                                        Anthony J. Orshansky
                                        Alexandria R. Kachadoorian
                                        Justin Kachadoorian
                                        Attorneys for Plaintiffs and the Putative
                                        Class

# TABLE OF CONTENTS

**PAGE NO.**

**I.   INTRODUCTION**..................................................................................................................1

**II.  ARGUMENT**.......................................................................................................................2

    **A. Standards Governing Service of Process**.................................................................. 2

    **B. Service on Defendants' Attorneys Is Appropriate Because They Were Impliedly Authorized to Accept Service.**……….......................................................................................4

    **C. Service on Defendants' Attorneys Also Is Appropriate under Rule 4(f)(3).**.............5

    **D. Notice by Publication Is Appropriate Here.**.............................................................10

**III. CONCLUSION**………………………………………………………….................12

## I. INTRODUCTION

Defendant Radaris America, Inc. ("Radaris America") was properly served with process through personal service in November 2014. [Dkt. No. 18.] It defaulted as of December 2014. (Plaintiff intends to file a request for default today.) Defendants Radaris, LLC and the principal of both defendant companies, Edgar Lopin ("Lopin"), have refused to accept service by personal service through a process server or service by certified mail and waiver. Radaris America and Radaris, LLC are affiliates with the same owner and principal, Lopin.

Plaintiffs have attempted personal service at all available addresses for these defendants, those identified on the Massachusetts Secretary of State website and those located through research by the process server and counsel. Some of the addresses located for Radaris, LLC appear to no longer be valid.

Certified mail sent to the presumably-valid addresses for Radaris, LLC and Lopin were returned to Plaintiffs unopened. Plaintiffs also attempted sending the service packages without identifying Plaintiffs' counsel as sender. These documents were not returned but it cannot be determined whether they were accepted.

In addition to his Massachusetts address, Lopin also maintains an address in Nicosia, Cyprus. Plaintiffs have mailed via certified mail the Summons, Complaint, and other documents in this action to the Cyprus central authority, the Ministry of Justice & Public Order, in compliance with Hague Convention procedures. However, Plaintiffs have not yet received a response, and gaining the Cyprus justice ministry's approval and then having an international process server serve the documents likely will take months.

In February 2015, after Radaris America's default and while Plaintiffs were attempting to serve Radaris and Lopin, Plaintiffs were contacted by attorneys, the Boston Law Group, located in Boston, purportedly representing all three Defendants. The attorneys requested an extension of time to respond to the Complaint. They also advised that Defendants wanted to mediate the case, and engaged in discussions regarding the place for mediation and potential mediators: ***"Our client has agreed to mediate this case in Boston in May, preferably before a US Magistrate Judge. Please let us know if this is acceptable to you and we will begin preparations."*** *See* Declaration of

-1-

Anthony J. Orshansky filed concurrently herewith, Ex. A.

Plaintiffs notified the Boston attorneys of the upcoming Case Management Conference ("CMC"), and Plaintiffs sent them the Case Management Statement and arranged for their telephonic participation at the CMC.

On March 31, 2015, the morning of the CMC, the Boston attorneys advised that they would not appear on Defendants' behalf in this matter. Orshansky Decl. ¶ 6. They explained that while they believed the Boston Law Group was being retained, Defendants were rethinking the costs involved in defending the action, but might still be agreeable to mediation in Boston. *See* Orshansky Decl., Ex. B. When Plaintiffs inquired whether the Boston Law Group could accept service of process on April 3, 2015, the attorneys completely changed position. *Id.* at ¶ 7. The Boston Law Group now claimed they had not been retained, only represented Defendants in the past, had no way to presently contact Defendants, and were not authorized to accept service, though they somehow knew that Mr. Lopin may be in Russia. *See* Exs. A, B. When my office asked attorneys at the Boston Law Group what information led them to believe Mr. Lopin was in Russia, they did not respond. *Id.* The statements these attorneys made on April 3 are dramatically different from those made in March, and for the previous three months, and also conflict with the personal service made on a Radaris America employee in November 2014 in Boston.

Defendants Radaris and Lopin are evading service. The discussions and emails between Plaintiffs' counsel from February 2015 through March 31, 2015 indicate that Defendants are aware of the lawsuit and have been in contact with the Boston Law Group. Apprising Defendants of the lawsuit and need to defend it is not an issue. All that is needed is a formal mechanism to bring the two un-served defendants (Radaris and Lopin) before the Court to proceed with this action.

## II.   ARGUMENT

### A. Standards Governing Service of Process

Federal Rule of Civil Procedure 4 governs service of process. With respect to individuals, service can be made by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to

-2-

the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Edgar Lopin is sued as an individual, but in his capacity as resident agent of Radaris, LLC and Radaris America, Inc.  *See* Orshansky Decl., Ex. C.  The address associated with him as resident agent is 1853 Commonwealth Avenue, Brighton, Massachusetts. *Id.*  He is also listed as the business manager, with an address in Nicosia, Cyprus. *Id.*  Plaintiffs have attempted to serve Lopin by: (1) personally delivering the Summons and Complaint to him through a process server; (2) leaving the Summons and Complaint with an employee of Radaris or Radaris America; (3) mailing the Summons and Complaint to him via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); and (4) mailing the Summons and Complaint in an unmarked envelope with a request for waiver of service.  Process servers did not find Lopin at the addresses available for him, no employee accepted service for him, and the certified mail was returned to the sender unopened.  Orshansky Decl., Ex. D.

With respect to business corporations, like Radaris, LLC, service can be made: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ."  Fed. R. Civ. P. 4(h).

The addresses for this business are located in Massachusetts—1853 Commonwealth Avenue, Brighton, Massachusetts, and 34 Washington Street, Suite 201, Wellesley, Massachusetts. Plaintiffs have attempted to serve Radaris, LLC by: (1) personally delivering the Summons and Complaint on an employee of Radaris through a process server; (2) mailing the Summons and Complaint to Radaris, LLC via certified mail with a request for waiver of service, as permitted under Fed. R. Civ. P. 4(d); (3) mailing the Summons and Complaint in an unmarked envelope with a request for waiver of service; and (4) researching possible alternative addresses and attempting

-3-

1 personal service at those addresses. These service attempts were unsuccessful. Orshansky Decl., Ex. D.

Because traditional methods of service have failed, Plaintiffs seek leave to attempt alternative service.

**B. Service on Defendants' Attorneys Is Appropriate Because They Were Impliedly Authorized to Accept Service.**

For an attorney to accept service of process, it must "appear that the attorney was authorized, either expressly or impliedly, to receive service of process for his client. And if such agency is to be implied, it must be implied from all the circumstances accompanying the attorney's appointment which indicate the extent of authority the client intended to confer." *United States v. Bosurgi*, 343 F. Supp. 815, 817-18 (S.D.N.Y. 1972) ("SAICI's attorneys were impliedly authorized to receive service of process on behalf of SAICI, a defendant in this suit, which, insofar as SAICI is here involved, seeks to determine its rights, if any, to the settlement fund—the very object for which they were initially appointed.") (footnotes and citations omitted); *In re Focus Media Inc.,* 387 F. 3d 1077, 1082 (9th Cir. 2004) (citation omitted) (implied authority where it is shown "'that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service'").

Here, Radaris, LLC is a Massachusetts limited liability company organized under the law of Massachusetts and with its principal place of business in Massachusetts. Orshansky Decl., Ex. C. The only addresses Plaintiffs have located for Radaris, LLC are in Massachusetts and service has been attempted unsuccessfully at these locations. *Id.*, Ex. D. The only other avenue of reaching Radaris, LLC with service is through the attorneys who contacted Plaintiffs regarding the case, or through publication in a Massachusetts newspaper.

Addresses for Lopin have been identified in Massachusetts and Cyprus. *Id.,* Ex. C. Service has been unsuccessfully attempted at Lopin's U.S. address. *Id*., Ex D. Plaintiffs have sent service of process to Cyprus under the Hague Convention in connection with a Cyprus address identified for Lopin; however, it is not clear that Lopin is in Cyprus, and may in fact be in Massachusetts. Attorneys located in Boston contacted Plaintiffs on behalf of all three defendants and proposed mediation of this case in Boston. *Id.* at ¶ 5. Lopin is the principal, manager, and resident agent of

Radaris America and Radaris, LLC, and he is almost definitely the person who made contact with the Boston attorneys.

### C. Service on Defendants' Attorneys Also Is Appropriate under Rule 4(f)(3).

Federal Rule of Civil Procedure 4(f)(3) governs alternative methods of service of process on foreign defendants, such as Lopin here. Service under Rule 4(f)(3) must be "(1) directed by the court, and (2) not prohibited by international agreement." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("Rule 4(f) does not 'create a hierarchy of preferred methods of service of process' and, 'court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2).'"). "Under Rule 4(f)(3), service upon an individual defendant may be effected at a place not within any judicial district of the United States 'by other means not prohibited by international agreement, as the court orders.' 'Service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citations omitted); *BP Prods. North Am., Inc. v. Dagra* 232 F.R.D. 263, 264 (E.D. Va. 2005) (holding that "service on [defendant's] attorney . . . would be reasonably calculated to provide the defendant with formal notice of the immediate action" as attorney "has been representing defendant in a separate matter," and "it is reasonable to conclude that he has some mechanism for contacting defendant" where foreign defendant's address was unknown); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 CIV. 9641 (RCC)) 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (permitting service on foreign defendant's U.S. and U.K. attorneys where attorneys "must be in communication with Defendant in relation to the pending legal proceedings in the United States and the United Kingdom and will know how to locate Defendant").

Attempts to serve defendants by other means, such as through the Hague Convention procedures, is not required. "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," is not limited in "'its availability only after attempting service of process by other means' such as service of process by diplomatic channels and letters rogatory," and a "party 'need not have attempted every permissible means of service of process before petitioning the court for alternative relief. Instead, [a party] need[] only to demonstrate that

the facts and circumstances of the present case necessitate[] the district court's intervention." *Badyal v. Bosch Packaging Tech., Inc.,* No. 2:11-cv-00349-MCE-AC, 2014 WL 1922621, at *4 (E.D. Cal. May 14, 2014) (permitting service on attorney in U.S. for foreign defendant because "service upon SBM's counsel will apprise SBM of the pendency of the Badyal's action and give it a chance to respond, complying with constitutional notions of due process"); *see also Nanya Tech. Corp. v. Fujitsu Ltd.*, CIV 06-00025, 2007 WL 269087, at *5 (D. Guam, Jan. 26, 2007) (permitting service on foreign defendant "via electronic mail and international mail requiring a signed receipt"); *Latinamerican Theatrical Group, LLC v. Swen Int'l Holding*, No. CV 13-1270 CAS RNBX 2013 WL 3357650, at *1 (C.D. Cal., July 2, 2013) (permitting service on foreign defendant's attorney in U.S. where attorney "is in contact with [defendant] and is familiar with this case").

In *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007 (9th Cir. 2002), defendant internet website was a foreign company sued in California federal court. The defendant's only U.S. address was a courier service, which forwarded the summons and complaint to defendant but was not authorized to accept service of process, and no international addresses were located. The plaintiff was contacted by an attorney who had been retained by the defendant to advise it regarding the lawsuit, but claimed he was not authorized to accept service of process. The court ordered that service be made on the attorney for defendant. *Id.* at 1017 ("Service upon Carpenter was also appropriate because he had been specifically consulted by RII regarding this lawsuit. He knew of RII's legal positions, and it seems clear that he was in contact with RII in Costa Rica. Accordingly, service to Carpenter was also reasonably calculated in these circumstances to apprise RII of the pendency of the present action.").

In particular, courts have authorized service on U.S.-based counsel for defendants as an alternative method of service under Rule 4(f)(3). "A number of courts thus have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf." *Freedom Watch v. Organization of the Petroleum Exporting Countries*, 766 F. 3d 74, 84 (D.C. Cir. 2014) (remanding for consideration of whether to permit service on foreign defendant's U.S. counsel); *Nuance Comm'ns v. Abbyy Software House*, 626 F. 3d 1222, 1240 (Fed. Cir. 2010) (the "Northern

District of California has directed substituted service under Rule 4(f)(3) within California, and the Ninth Circuit has affirmed court-directed service within the United States . . . . Defendants have provided no explanation for why transmittal abroad would be required in the present case, when federal law plainly permits service on Defendants' domestic subsidiaries or domestic counsel."); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 932 (N.D. Ill. 2009) ("[A]lthough D & L was not 'authorized' to accept service on behalf of Uralkali in this matter, it was clear that the law firm has been retained by Uralkali and was in contact with the company . . . . Therefore, service was appropriate."); *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619-20 (S.D. Fla. 2011) (permitting service on U.S. counsel where attorney claimed "he does not know where [defendant] is located, and "is not authorized to accept service of process," but "continues to represent Defendants in this action, which would indicate he continues to have some relationship with Defendants"); *LG Elecs., Inc. v. ASKO Appliances, Inc*., No. 08-828(JAP), 2009 WL 1811098, at *4 (D. Del. June 23, 2009) (approving service on attorneys where "the regularity of contact between Daewoo and Howrey clearly demonstrate that Daewoo is on notice of the contents of the instant complaint. Further, this Court cannot countenance the continued attempts to unnecessarily frustrate service upon Daewoo and further delay the instant litigation."); *RSM Prod. Corp. v. Fridman*, No. 06 CIV. 11512(DLC), 2007 WL 2295907, at *4, *6 (S.D.N.Y. Aug. 10, 2007) (permitting service on attorney; "'the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections' . . . . Fridman's counsel does not contest that his client has notice of the instant litigation or that his client would be unable, if properly served, to litigate his defense.")(citation omitted); *Brookshire Bros. v. Chiquita Brands Int'l*, No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (serving local counsel to avoid delay); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 537-38 (N.D.Cal.2010) (authorizing service on U.S. counsel who had represented defendant in related litigation); *In re Cathode Ray Tube Antitrust Litig.*, No. 07-5944, 2008 WL 4104341, at *1 (N.D. Cal. Sep. 3, 2008) ("Because Koninklijke and Toshiba have domestic subsidiaries and domestic counsel, transmittal abroad for service is not required."); *Forum Fin. Group, LLC v. President & Fellows of Harvard Coll.*, 199

F.R.D. 22, 24-25 (D. Maine Feb. 16, 2001) ("service of process via [local counsel] is appropriate given [defendant's] efforts to evade service in Russia and [local counsel's] recent acceptance of service on [defendant's] behalf" in similar case, and service was "reasonably calculated to give [defendant] notice of the case and an opportunity to be heard").

Here, the Boston Law Group contacted Plaintiffs' counsel regarding (a) additional time to respond to the Complaint on behalf of defendant Radaris, Inc., which was served and has defaulted; and (b) mediation with Plaintiffs to resolve the action as to all defendants. Orshansky Decl. ¶ 5. Counsel for Plaintiffs discussed mediation dates and locations with the Boston lawyers, who indicated their clients' would be agreeable to mediation in Boston with a local mediator, preferably a magistrate judge. *Id.*

It is clear that the Boston lawyers have been in communication with Lopin or others connected to Lopin and Radaris America, and Lopin's un-served company, Radaris, LLC. At the very least, despite their recent protests to the contrary, they know how to contact Lopin and Radaris. Orshansky Decl., Exs. A & B.

It also is clear that Defendants, through their actions of contacting counsel, are aware of the Complaint and Summons and that they must defendant this action. *Id.*, Ex. A. Defendants consist of two affiliated entities—Radaris America, Inc. and Radaris, LLC, and the owner of both entities, Edgar Lopin. Radaris America, Inc. was properly served by personally serving an employee with the Summons and Complaint as she left her Massachusetts office, an address identified for Radaris America, Inc. with the Massachusetts Secretary of the Commonwealth. Because Edgar Lopin owns and manages both entities and they are affiliates, the service on Radaris America notified the other Defendants that they have been sued in this action.

The Boston Law Group contacted Plaintiffs at Defendants' request, sought additional time to respond to the Complaint on their clients' behalf, and engaged in discussions regarding mediation of the case, including asserting that Defendants would be agreeable to mediation in Boston with a magistrate judge. *Id.*, Exs. A & B. Counsel for Plaintiffs notified the Boston Law Group about the Case Management Conference and arranged with the Court for both parties' counsel to appear by telephone. *Id.* at ¶ 5. The Boston attorneys initially advised that they would participate in the CMC,

-8-

1  but at the last minute they shied away, claiming Defendants were having second thoughts about
2  defending the action based on the costs, but might still agree to mediation if it could occur in Boston.
3  *Id.*, Ex. B.  The Boston law Group has now flipped its position, claiming that they are not retained
4  as counsel, are not authorized to accept service of process, and have not been in recent contact with
5  Defendants—statements that completely conflict with prior representations about what "their
6  clients" want.  *Id.* at ¶ 7.

7        Edgar Lopin and Radaris, LLC are evading service.  Personal service was attempted at the
8  addresses identified as the places of business for Radaris, LLC and Lopin on the Secretary of the
9  Commonwealth's website.  Process servers reported that they were unable to effect service of
10 process on either Radaris or Lopin at one of the addresses identified in the Summons.  *See* Orshansky
11 Decl., Exs. D & E.  The process servers reported that Radaris and Lopin are no longer at the address
12 where service was attempted, and the tenants are unaware of their whereabouts.  *Id*. at ¶ 13.  The
13 process servers advised that, based on their research, Radaris may no longer be an active company.
14 *Id*. at ¶ 10.  The process servers performed a skip trace on Lopin in Massachusetts and did not locate
15 him.  *Id*. at ¶ 13.  Business information searches were conducted by the process server, identifying
16 multiple addresses, including those in the Summons.  *Id.* at ¶ 10.  Service was unsuccessful to all of
17 these addresses.  *Id*.  Plaintiffs also mailed by certified mail the Summons and Complaint (together
18 with the other documents comprising the record in this action) to the addresses identified for Lopin
19 and Radaris in Massachusetts; the mailed documents were returned to Plaintiffs unopened.  *Id*., ¶
20 14.  Plaintiffs also attempted service with envelopes that did not identify Plaintiffs' counsel as the
21 sender, with the return addressee blank, so that the packages would not be rejected upon seeing they
22 were from a law firm.  *Id.*  These latter envelopes have not been returned, but no acknowledgement
23 of receipt and waiver of service was signed.  *Id.*

24       Plaintiffs have also sent the service package to the proper judicial authority in Cyprus
25 pursuant to Hague Convention procedures for service to an alternate address for Lopin.  *Id*., ¶ 15.
26 However, this is a lengthy process, and may ultimately may require translation to Greek, which
27 could be cost prohibitive.  *Id.*
28 ///

-9-

It is evident that Lopin and his company Radaris, LLC are evading service of process, and are fully aware of this lawsuit, to the point that they contacted counsel and instructed them to explore mediation and defending the action. Service on the Boston counsel is therefore calculated to reach Radaris, LLC and Lopin.

**D. Notice by Publication Is Appropriate Here.**

Federal Rule of Civil Procedure 4(e) and 4(h) permit service on businesses and individuals as provided by the law of the forum state, here California. California permits service by publication. Cal. Civ. Proc. Code § 415.50(a) ("A summons may be served by publication if upon affidavit it appears to the means: [A] thorough, systematic satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified . . . and that . . . (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.").

"A plaintiff has the burden to establish 'reasonable diligence' in attempting service by other methods." *Johnson v. Vuong*, No. 2:14-CV-0709 KJM-DAD, 2014 WL 3853430, at *1 (E.D. Cal. Aug. 5, 2014) (citing *Olvera v. Olvera*, 232 Cal. App. 3d 32, 42 (1991)). "Reasonable diligence" means a thorough, systematic investigation and inquiry conducted in good faith.

> A number of 'honest attempts to learn defendant's whereabouts or address by inquiry of relatives, friends, and acquaintances, or of an employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location, are generally sufficient. … However, the showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case.

*Id*. (plaintiff showed reasonable diligence by having "searched various databases and learned that defendant Vuong 'had only one listed possible current mailing address,'" had made "about ten unsuccessful attempts to serve defendant Vuong at that address," and had "mailed a notice and acknowledgment receipt of summons and complaint to the same address") (quoting *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1136-38 (1996) ("The only method of service under California law which does not require the transmission of documents abroad, and consequently does not implicate the Hague Service Convention, is service of summons by publication where the party's address

-10-

1  remains unknown during the publication period despite the exercise of reasonable diligence.")));
2  *accord Bd. of Trustees of Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 338 (2013).

3  Federal courts permit service through publication. *See*, *e.g.*, *Secs. Exch. Comm'n v. Tome*, 833 F.3d 1086, 1093 (2d Cir. 1987) ("Publication of the complaint and summons in the International Herald Tribune was 'reasonably calculated' to notify the unidentified purchasers . . . of the suit against them"). Before "authorizing service by publication, courts have required that the defendant be aware of the suit and claims against them." *Id.* (authorizing publication where "Defendant is aware of this suit and the claims against him") (citing *Rio Props.*, 284 F.3d at 1016, *Tome*, 833 F.3d at 1093-94, and *BP Prods.*, 236 F.R.D. at 272); *In re Maxon Eng'g Servs., Inc.*, 418 B.R. 653, 666 (D. P.R. 2009). ("Applying Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, e-mail").

Plaintiffs have been reasonably diligent in attempting to serve Radaris and Lopin here. Plaintiffs have sought to serve them by: (1) personal service at the addresses identified in the Summons, which were obtained from the Massachusetts Secretary of the Commonweath website for Radaris; (2) research by Plaintiffs' process servers for alternative addresses and business status of Radaris; (3) service by certified mail and a waiver of service sent to the United States addresses located for Radaris and Lopin; (4) service by mail sent to the United States addresses for Radaris and Lopin in unmarked envelopes that do not identify the sender as Plaintiffs' counsel; and (5) sending of the service package to the Cyprus Ministry of Justice & Public Order pursuant to the Hague Convention to begin the process of serving Lopin abroad (if he is abroad). Orshansky Decl., *passim.*

This is not a case where publication notice is unlikely to notify Defendants of the lawsuit, because there is clear evidence that Defendants here are aware of lawsuit already. Publication notice is simply a formal means to bring them before the Court to proceed with this action. Communications between Defendants and the Boston Law Group—including efforts to settle the action through mediation in Boston—shows that publication notice will not be futile. Plaintiffs can even notify the Boston Law Group about the dates and paper of publication.

Defendants are playing fast and loose with Plaintiffs and the Court by affirmatively attempting to avoid having to defend this action or face the consequences of default. Publication in a Boston newspaper of general circulation will adequately notify Defendants that they must defend this action.

*The Boston Globe* is a newspaper published in Boston of general circulation that regularly publishes legal notices. California Code of Civil Procedure § 415.50 requires that publication of the summons in a newspaper of general circulation be made at least once a week for four successive weeks. Therefore, the Court should authorize service of the Summons in *The Boston Globe* to the extent that it declines to authorize service on the Boston Law Group.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court direct service of the summons and complaint on the Boston Law Group for Defendants Radaris, LLC and Edgar Lopin, or, alternatively, that the Court authorize service of the Summons by publication in *The Boston Globe* once a week for four successive weeks.

DATED: June 1, 2015                              COUNSELONE, PC


By   */s/ Anthony J. Orshansky*
     Anthony J. Orshansky
     Alexandria R. Kachadoorian
     Justin Kachadoorian
     Attorneys for Plaintiffs and the Putative Class