```
 1  STEPHANIE M. HINDS (CABN 154284)
    United States Attorney
 2
    THOMAS A. COLTHURST (CABN 99493)
 3  Chief, Criminal Division

 4  KYLE F. WALDINGER (CABN 298752)
    Assistant United States Attorney
 5
        450 Golden Gate Avenue, Box 36055
 6      San Francisco, California 94102-3495
        Telephone: (415) 436-6830
 7      Fax:  (415) 436-7234
        Email:  Kyle.Waldinger@usdoj.gov
 8
    Attorneys for the United States of America
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 22-00083 JSW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **UNITED STATES' SENTENCING REPLY** |
| v. | ) | |
| | ) | Plea/Sentencing Date: January 10, 2023 |
| ALAN RENE CAMACHO, | ) | Time: 9:30 a.m. |
| | ) | Court: Hon. Jeffrey S. White |
| Defendant. | ) | |

The United States files this short Sentencing Reply to respond to the defendant's request that the Court strike Exhibit 3 to the United States' Sentencing Memorandum. *See* dkt. 39, Ex. 3. (Counsel for the United States apologizes for the one-day tardiness of this Reply and requests that the Court consider it.) The basis of the defendant's request is that Exhibit 3 contains portions of a journal that the defendant allegedly kept "at the behest of one of his therapists," and that, therefore, the journal is protected by a therapist-client privilege. Def. Sent. Mem., dkt. 40, at 2:19-24. The Court should deny Camacho's request and consider Exhibit 3 in the context of all of the facts in determining the appropriate sentence to impose in this case.

Let's start with the scope of the privilege at issue. It is true that the Supreme Court has recognized a psychotherapist-patient testimonial privilege, holding that "confidential communications

between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure. . . ." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Under *Jaffee*, to invoke the benefit of the privilege, a defendant bears the burden of showing that (1) the communications were to a licensed[1] psychotherapist, (2) the communications were confidential, and (3) the communications were made during the course of diagnosis or treatment. *See United States v. Romo*, 413 F.3d 1044, 1046-47 (9th Cir. 2005).

In *Romo*, the Ninth Circuit said that whether a communication occurred "'in the course of diagnosis or treatment' is a factual determination that rests upon the consideration of the totality of the circumstances." *Id.* at 1047. The *Romo* court continued:

> Relevant factors may include the historical nature of the relationship between the individual and his confidante; the patient's purpose in making the communication; the nature of the contact; the timing and location of the communication; objective data, such as medical records, which corroborate the counseling contact; and whether mental health services were provided or requested during the communication. Standing alone, the fact that a therapist has previously provided mental health care to a patient does not establish that a subsequent meeting was in the course of diagnosis or treatment. Even in the face of an ongoing patient-therapist relationship, the patient and therapist may have contacts that do not involve therapy. Thus, we pay special attention to the particulars of the meeting during which the allegedly privileged information was exchanged.

*United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005).

In its analysis, the *Romo* court looked to a proposed rule of evidence on the psychotherapist-patient privilege that was proposed to Congress but never came to pass. According to that proposed rule, "the privilege applies only when a therapist practices his craft, not whenever a therapist and a patient communicate." *Id.* Therefore, communications between a therapist and a patient may not be protected even if made during the time the patient was being treated. Rather, they would be privileged only if the communications were made for the purpose of providing and receiving therapy. *Id.*

When considering the facts proffered by the defendant in the light of the above, the Court cannot conclude that the defendant's journal is protected by any privilege.

*As an initial matter*, there is insufficient evidence to conclude that, in fact, the journal was kept at

---

[1] The defendant claims that the psychotherapist need not be licensed, citing the Ninth Circuit's decision in *Oleszko v. State Compensation Ins. Fund*, 243 F.3d 1154, 1157 (9th Cir. 2001). But the court of appeals' decision in *Oleszko* should not be read so broadly. The *Oleszko* court extended the privilege to only to certain unlicensed counselors, specifically, Employee Assistance Fund counselors. The court did not extend the privilege generally to any unlicensed counselor in any context.

USA'S SENTENCING REPLY
CR 22-00083 JSW                                    2

the "behest" of a therapist. This assertion comes from the evaluation prepared by Scott Lines, Ph.D. But Dr. Lines was not the therapist who suggested that Camacho keep a journal, and Dr. Lines provides no information about the factual basis for his assertion. Indeed, the specific "therapist" who allegedly made the recommendation to Camacho is not even identified. In short, there is insufficient evidence upon which to conclude that Camacho's journaling was the product of communications with a therapist.

*Moreover*, even assuming that a therapist suggested to Camacho that he might try keeping a journal, there does not appear to be any close temporal connection between that recommendation and Camacho's action in keeping the journal or that the journal was kept as part of any ongoing care provided by a therapist. This is because, as set forth in the PSR, Camacho stopped seeing a therapist sometime in 2021. PSR, ¶¶ 42 & 47. It cannot be that – just because a therapist had suggested to Camacho sometime prior to January 2022 that he might try keeping a journal – such a journal would be protected by any therapist-client privilege when Camacho started writing in one in May 2022. In the words of another court in this District, Camacho's journal cannot be protected by any therapist-client privilege because it "does not contain confidential communications with a therapist made during a course of treatment." *United States v. Keller*, CR 18-0000462 VC, 2021 WL 5150642, at *1 (N.D. Cal. Nov. 5, 2021); *see also id.* ("Keller's course of therapeutic treatment ended upon his discharge from the residential facility almost three decades ago and his journal was no longer being shared with a treating therapist. The fact that his therapist recommended that he continue writing in it for the rest of his life does not make the journal entries part of a continuing course of treatment.").

For all of these reasons, the Court should deny the defendant's request to strike Exhibit 3 to the United States' Sentencing Memorandum. Although Camacho's diatribes may be embarrassing to him now, he wrote them, and they are relevant to this Court's sentencing decision.

DATED: January 6, 2023                          Respectfully submitted,

                                                STEPHANIE M. HINDS
                                                United States Attorney


                                                /s/_____
                                                KYLE F. WALDINGER
                                                Assistant United States Attorney